UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| MARLENA MAIN-HARRICK, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 1:20-cv-00605-JPH-MPB ) |
| MEIJER STORES LIMITED PARTNERSHIP, | ) ) ) ) |
| Defendant. | ) |

**ORDER ON JURISDICTION**

Defendant Meijer Stores Limited Partnership removed this case to this Court, alleging that this Court has diversity jurisdiction over this matter. Dkt. 1. For the Court to have diversity jurisdiction, the amount in controversy must exceed $75,000, exclusive of interest and costs, and the litigation must be between citizens of different states. 28 U.S.C. § 1332(a). The citizenship of a partnership is "the citizenship of every partner, limited as well as general," *Dvorak v. Granite Creek GP Flexcap I, LLC*, 908 F.3d 248, 250 (7th Cir. 2018), so parties must "work back through the ownership structure until [reaching] either individual human beings or a formal corporation with a state of incorporation and a state of principal place of business," *Baez-Sanchez v. Sessions*, 862 F.3d 638, 641 (7th Cir. 2017).

Here, Meijer alleges that the parties are diverse because it "is a Limited Partnership formed in the State of Michigan with its principal place of business in the State of Michigan," whose "sole General Partner is Meijer Group Inc. . . . ." Dkt. 1 ¶ 5. That is insufficient because, as an L.P., Meijer's citizenship is

1

based on the citizenship of both its general *and limited* partners. *Dvorak*, 908 F.3d at 250; *see* Mich. Comp. Laws Ann. § 449.6(1). And "[i]t is impossible to determine diversity of citizenship without knowing who the persons in question are." *America's Best Inns, Inc. v. Best ins of Abilene, L.P.* 980 F.2d 1072, 1073 (7th Cir. 1992).

Counsel has an obligation to analyze subject-matter jurisdiction, *Heinen v. Northrop Grumman Corp.*, 671 F.3d 669, 670 (7th Cir. 2012), and a federal court always has the responsibility to ensure it has jurisdiction. *Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 427 (7th Cir. 2009). The Court's obligation includes knowing the details of the underlying jurisdictional allegations. *See Evergreen Square of Cudahy v. Wis. Hous. and Econ. Dev. Auth.*, 776 F.3d 463, 465 (7th Cir. 2015) ("the parties' united front is irrelevant since the parties cannot confer subject-matter jurisdiction by agreement...and federal courts are obligated to inquire into the existence of jurisdiction *sua sponte*").

Therefore, the Court **ORDERS** Meijer to file a jurisdictional statement **by May 2, 2020**, addressing the issue identified in this order. Plaintiff **SHALL RESPOND** to Meijer's jurisdictional allegations by **May 16, 2020**. *See* S.D. Ind. L.R. 81-1(b).

**SO ORDERED.**

Date: 3/17/2020

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

Daniel Gore
KEN NUNN LAW OFFICE
dgore@kennunn.com

Pamela A. Paige
PLUNKETT COONEY (Indianapolis)
ppaige@plunkettcooney.com